IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JERRELL FISHER, | * |
| Petitioner, | |
| v. | * CIVIL ACTION NO. PWG-13-1916 |
| VOLUNTEERS OF AMERICA | * |
| Respondent. | |

\*\*\*\*\*

MEMORANDUM

## I. Background

Jerrell Fisher (hereinafter referred to as "Fisher") filed this 28 U.S.C. § 2241 petition for habeas relief while housed at the Kent County Detention Center. He alleges that on June 11, 2013, he was cited with a disciplinary infraction by the Director of the Volunteers of America ("VOA"), Jennifer Masselieno, with whom he had verbal disagreements in the past. Fisher claims that his release date was altered by an additional three weeks due to the "summary disposition" of the infraction without his being afforded his due process rights, i.e., a fair hearing. He seemingly asserts that he was accused of the infraction (theft of cigarettes) as a retaliatory measure as he had more than sufficient income and no reason to commit the offense as alleged. Fisher contends that Ms. Masselieno exceeded the scope of her authority to "ensure that I be sanctioned and kicked out of the program." ECF No. 1. He seeks immediate reinstatement of his good conduct time.

On August 15, 2013, respondent filed a motion to dismiss or, in the alternative, motion for summary judgment,[1] which remains unopposed as of the within signature date.[2] ECF No. 5. The

---

[1] The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the rules governing habeas corpus proceedings. Therefore the filing of a motion to dismiss or for summary judgment under Fed R. Civ. P. 56 or 12 is proper. *See Brunson v. Warden*, GLR-12-1416, 2012 WL 3678150, at *2 (D. Md. Aug. 24, 2012).

[2] The record shows that Fisher was served with notice of respondent's filing pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 6. No opposition response was filed.

Court has reviewed the petition and briefing and finds that an oral hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, respondent's motion, construed as a summary judgment motion, shall be granted and the petition shall be dismissed.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of the rule is to "test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937. *See Velencia v. Drezhlo*, RDB-12-0237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S.Ct. 1937.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*,

566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). However, if the court considers matters outside the pleadings, as the court does here, the court must treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, 916 F. Supp. 2d 620, 622–23 (D. Md. 2013).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833–34 (4th Cir. 2013). When considering cross-motions for summary judgment, the court must consider "each motion . . . individually" and view "the facts relevant to each . . . in the light most favorable to the non-movant." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

## III. Discussion

### Facts

Respondent affirms that Fisher was sentenced in this court on February 25, 2005, on drug, firearms, and aiding and abetting convictions in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 18 U.S.C. §§ 2 & 924   ECF No. 5, Ex. 2 at McGee Decl. & Attachment A.   According to Respondent, in June of 2013, Fisher was designated to the Volunteers of America ("VOA") Residential Re-Entry Center ("RRC") in Baltimore, Maryland. *Id.*, Ex. 2 at McGee Decl.

On June 11, 2013, Fisher had an encounter with the VOA supervising cook, Tierra Knox, in the RRC kitchen. *Id.* at Ex. L.   According to the Code 219 (stealing) incident report, Fisher approached Knox and twice asked whether she had or could give him a cigarette. *Id.* Knox replied no on both occasions and advised Fisher not to ask again.  Fisher then walked to a filing cabinet, unzipped Knox's handbag, removed a cigarette, and put it in his pocket. *Id.* Knox reported the incident to the Food Service Manager and written notice of the alleged theft was delivered to Fisher by the VOA House Supervisor. *Id.* at Ex. P.   An RRC Disciplinary Committee hearing on the matter was scheduled for June 13, 2013.  Fisher was given notice, advising him that he had the right to present witnesses and to offer documentary evidence at the hearing.  He did not identify any witnesses. *Id.* Further, Fisher declined to have a staff member represent him at the hearing. *Id.* at Ex. M.

Prior to the Disciplinary Committee hearing, Fisher was advised of his right against self-incrimination and chose to make no statement about the alleged theft; rather, he indicated he had not been served with the incident report. ECF No. 5 at Ex. L. Fisher executed his waiver of his right to have a written copy of the charges provided to him at least 24 hours prior to appearing before the disciplinary committee. *Id.*, Ex. O.   He also signed the disciplinary committee hearing form

acknowledging his rights when charged with violating VOA regulations and rules. *Id.*, Ex. N.

At the June 13, 2013 hearing Fisher conceded that he had asked Knox for a cigarette, but denied the theft charge, opining "Why would I still stealing [sic] and jeopardize my program." He presented no other testimonial or documentary evidence. After considering Fisher's statement, his acknowledgment of VOA rules, the program agreement and the incident report, the disciplinary committee found that Fisher had violated VOA regulations by stealing a cigarette from Knox's handbag. *Id.* at Ex. P. Fisher was sanctioned with the loss of twenty-seven days good conduct credit and the forfeiture of twenty-seven days of non-vested good conduct time, he was given forty-five days of disciplinary segregation, and he lost ninety days of commissary, telephone, and visiting privileges. Although advised of his right to file an administrative appeal, Fisher did not do so; instead, he filed this petition two weeks after his disciplinary sanction was imposed.

Respondent provides an uncontroverted declaration that affirms that Fisher did not file an administrative remedy at any time. With the unopposed facts and standards in mind, the Court shall address Fisher's claims.

**Legal Analysis**

According to the Bureau of Prisons ("BOP") Inmate Locator, Fisher was released from BOP confinement on October 3, 2013. Therefore, his habeas petition has been rendered moot as it "no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that throughout the litigation the complainant 'must have

suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477). Fisher's release from BOP custody moots this action, as there is no habeas relief for the court to grant. *See Belasco v. Warden*, 156 F. App'x 671, 671 (5th Cir. 2005); *see also Spencer*, 523 U.S. at 13–14 (habeas petitioners that are no longer in custody must demonstrate a concrete and continuing injury that is a collateral consequence of detention).

Further, it is well established that a federal prisoner challenging the execution of his sentence must first exhaust his administrative remedies prior to seeking § 2241 review in federal court. *See McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004). Unlike the exhaustion requirement for 42 U.S.C. § 1983 and 28 U.S.C. § 1331 *Bivens*[3] actions, the exhaustion requirement for § 2241 petitions is judicially imposed, *see Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3rd Cir. 1996), giving the court discretion to waive that requirement in certain circumstances. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). Prudential exhaustion may be excused when irreparable injury may occur without immediate judicial relief, when an administrative appeal would be futile, or in certain instances where a substantial constitutional question has been raised. *Laing*, 370 F.3d at 1000–01 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2nd Cir. 2003)).

Respondents assert that Fisher did not file administrative remedies regarding his adjustment citation or the disciplinary review process while confined. ECF No. 5, Ex. 1 at Williams Decl. Fisher does not refute this argument, nor does he raise excusal, futility, or substantial question grounds. Consequently, he is barred from seeking habeas relief.

In any event, the Court concludes that no due process violation has been demonstrated. The BOP has the authority to provide for the protection, instruction, and discipline of all persons

convicted of offenses against the United States. *See* 18 U.S.C. § 4042(a)(3). The rules for inmate discipline are promulgated under 28 C.F.R. §§ 541.1–541.8, which exhaustively detail the required procedures. If staff believe that a violation of a BOP regulation has been committed by an inmate, an incident report is prepared and the inmate is provided a written copy of the charges ordinarily within 24 hours of the time staff become aware of the inmate's involvement in the incident. *See* 28 C.F.R. §§ 541.5(a) & (b)(2).

An investigating officer reads the charges to the inmate and requests a statement from the inmate, advising him of his rights. After completion of the investigation, materials are forwarded to the Unit Disciplinary Committee ("UDC") for an initial hearing, which ordinarily is conducted within five working days. *See* 28 C.F.R. § 541.7. The inmate is entitled to be present at the hearing, except during the deliberations of the decision makers or when institutional security would be jeopardized by the inmate's presence, and he may make a statement and present documentary evidence on his own behalf.

After considering all of the evidence presented at the hearing, the UDC makes a decision based on at least some facts and, if there is conflicting evidence, based on the greater weight of the evidence. *See* 28 C.F.R. § 541.7. If the UDC finds the inmate committed the prohibited act, or a similar act if reflected in the incident report, and determines that the violation is serious and warrants consideration for non-minor sanctions, the UDC refers the charges, without indication of findings as to the commission of the alleged violation, to the Disciplinary Hearing Officer ("DHO") for further proceedings with a brief statement of the reasons for the referral, but without indication of findings as to the commission of the alleged violation *See* 28 C.F.R. §§ 541.7 & 541.8. If referred to the DHO, the UDC forwards copies of all relevant documents to the DHO with a brief statement of the

---

3     *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

reasons for the referral, along with any recommendation for appropriate disposition if the DHO finds the inmate committed the act(s) charged. S*ee* 28 C.F.R. § 541.8. The UDC advises the inmate of his rights to be afforded at the hearing before the DHO and asks the inmate to indicate a choice of staff representative, if any, and the names of witnesses he wishes to be called to testify at the hearing and the nature of the testimony they are expected to provide. These witnesses are listed on the disciplinary hearing notice. *Id.*

When appearing before the DHO, the inmate is entitled to: (1) make a statement and to present documentary evidence; (2) submit the names of requested witnesses and have them called to testify; and (3) present documents on his behalf. *See* 28 C.F.R. § 541.8. Witness testimony and documentary evidence may be presented provided the calling of witnesses and disclosure of documents does not jeopardize prison or inmate security. *Id.*

The DHO considers all evidence presented at the hearing and bases his or her decision on at least some facts, and if there is conflicting evidence, on the greater weight of the evidence. *See* 28 C.F.R. § 541.8(f). The DHO makes a determination as to whether or not the inmate committed the charged act(s) or similar act(s) if reflected in the incident report and prepares a record of the proceedings which need not be verbatim. *See* 28 C.F.R. § 541.8(h). The record details the inmate's advisement of his rights, the findings and decision of the DHO, the specific evidence relied on by the DHO, and includes a brief statement of the reasons for the sanctions. *See* 28 C.F.R. § 541.8(h)(1)– (5). A written copy of the decision and disposition is provided to the inmate. *Id.*

Although inmates do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the

possible loss of good conduct time, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U. S. at 564–571. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U. S. 308, 322–23 (1976); *Brown v. Braxton*, 373 F.3d 501, 505–06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n.5.

The Court finds that the disciplinary process associated with Fisher's institutional charge meets the aforementioned minimum due process procedural requirements. He received written notice of the charges, was advised of his rights, was permitted to have representation, and received formal notice of the hearing. The documentation illustrates that Fisher was given the opportunity to call witnesses, but did no not do so, and was provided review before the RCC disciplinary committee. Further, a written statement was issued as to the evidence relied on to find that Fisher violated Code 219 and the statement offered specific reasons why the sanction was imposed.

Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456;

*see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary officer's factual findings, a federal court will not review their accuracy.[4]

The proceedings before this court are not a retrial of the incident and the undersigned finds that the decision was based upon "some evidence" as the Disciplinary Hearing Committee found some evidence to sustain the Code 219 charge, i.e., the incident report and Fisher's own comments. These constitute "some" facts upon which the Disciplinary Hearing Committee was entitled to rely in finding petitioner guilty of the Code 219 violation.

## IV. Conclusion

For reasons articulated herein, the Court shall grant summary judgment in favor of respondent.

Date: February 14th, 2014

Paul W. Grimm
United States District Judge

---

[4] The role of the district court is not to afford a *de novo* review of the DHO's factual findings. The district court should simply determine whether the decision was supported by some facts. The sole and only issue of constitutional substance is whether there exists any evidence at all; that is, whether there is any basis in fact to support the action taken by prison officials. Otherwise, the federal court would assume the task of retrying all prison disciplinary disputes.